## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

W.P.J.,                                        :
                                               :
                Plaintiff,                     :
                                               :
v.                                             :        CASE NO. 3:20-CV-87-MSH
                                               :          Social Security Appeal
COMMISSIONER OF                                :
SOCIAL SECURITY,                               :
                                               :
                Defendant.                     :
_____

## **ORDER**

The Commissioner of Social Security, by adoption of the Administrative Law

Judge's ("ALJ's") determination, denied Plaintiff's application for supplemental security

income finding that he is not disabled within the meaning of the Social Security Act and

accompanying regulations.  Plaintiff contends the Commissioner's decision was in error

and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. §

1383(c).  All administrative remedies have been exhausted.  Both parties filed their written

consents for all proceedings to be conducted by the United States Magistrate Judge,

including the entry of a final judgment directly appealable to the Eleventh Circuit Court of

Appeals pursuant to 28 U.S.C. § 636(c)(3).

## **LEGAL STANDARDS**

The Court's review of the Commissioner's decision is limited to a determination of

whether it is supported by substantial evidence and whether the correct legal standards

were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2]  The Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that he is unable to perform his previous work.  *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam).  The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic."  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant

[1]  Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 1382c(3)(A).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 416.101 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 416.920(a)(1).  First, the Commissioner determines whether the claimant is working.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(b).  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  A claimant must have a "severe impairment," which is one that "significantly limits [a plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c).  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  20 C.F.R. § 416.920(a)(4)(iii).  Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  20 C.F.R. § 416.920(a)(4)(iv).  Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work.  20 C.F.R. § 416.920(a)(4)(v).

3

In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. 20 C.F.R. § 416.923(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 805-06 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income on January 22, 2018, alleging that he became disabled to work on January 1, 2018. Tr. 15. His claim was denied initially on June 22, 2018, and upon reconsideration on July 25, 2018. *Id*. He timely requested an evidentiary hearing before an ALJ on September 13, 2018, and the hearing was conducted on November 26, 2019. *Id*. Plaintiff appeared at the hearing with counsel and testified, as did an impartial vocational expert ("VE"). *Id*. On December 18, 2019, the ALJ issued an unfavorable decision denying Plaintiff's claim. Tr. 12-28. Plaintiff next sought review by the Appeals Counsel but was denied on June 29, 2020. Tr. 1-6. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying his claim for benefits. His case is ripe for review. 42 U.S.C. § 1383(c)(3).

## STATEMENT OF FACTS AND EVIDENCE

On the date he alleges that he became disabled, Plaintiff was forty-seven years old and classified as a "younger individual" under the Commissioner's regulations. Finding 6, Tr. 27; 20 C.F.R. § 416.963. He has "limited" education and past relevant work as an amusement park worker, ticket seller, lumber stacker, dishwasher, grocery bagger, and

janitor.  Findings 5, 7, Tr. 26-27.  In conducting the five-step sequential analysis of his claim, the ALJ found, at step two, that Plaintiff has severe impairments of degenerative disc disease of the cervical and thoracic spine, degenerative joint disease in both shoulders, obesity, amblyopia in the right eye, congenital abnormalities of both elbows, scoliosis, and hypertension.  Finding 2, Tr. 17-19.  At step three, the ALJ determined that Plaintiff's impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 3, Tr. 19-20.  Between steps three and four, the ALJ assessed Plaintiff to have the RFC to perform light work with exertional, postural, and environmental limitations. Finding 4, Tr. 21-26.  In his step-four analysis, the ALJ found that Plaintiff's restricted RFC prevents him from returning to any of his past relevant work.  Finding 5, Tr. 26. Proceeding to step five, the ALJ elicited testimony from the VE that Plaintiff can work as a router, night cleaner, and garment sorter, and that these jobs are available to him in the national economy.  Finding 9, Tr. 27-28.  The ALJ, therefore, found Plaintiff to not be disabled to work.  Finding 10, Tr. 28.

## DISCUSSION

Plaintiff raises one assertion of error—that the ALJ's RFC assessment conflicts with the opinions of two state agency physicians he found to be persuasive.  Pl.'s Br. 1, ECF No. 17.  He contends that these medical sources limited him to only "occasional reaching" but the ALJ's RFC allows "frequent reaching."  *Id*.  Contrary to Plaintiff's argument, the ALJ did not err in his RFC assessment or his finding that Plaintiff is not disabled.

On March 27, 2017, the Social Security Administration revised the regulations regarding medical opinions from a claimant's treating sources.   Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017); *see* 416.920c. The regulations now specify that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a).  The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. *Id*. § 416.920c(c)(1)-(5).  The ALJ is only required to discuss the first two factors.  As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id*. § 416.920c(c)(1).  With respect to consistency, "[t]he more consistent a medical opinion(s) or prior administrative finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. § 416.920c(c)(2).  The remaining factors need only be discussed if the record contains persuasive differing medical opinions or prior administrative findings. *Id*. § 416.920c(b).

The medical source at issue, Robert Williams, M.D., reviewed Plaintiff's records on June 18, 2018, and concluded that Plaintiff is "not disabled" and "can adjust to other work" since his RFC precludes a return to past relevant work. Tr. 80-86. The review on July 24, 2018, by Robert Strickland, M.D., is identical. Tr. 99-105. In considering these findings, the ALJ properly addressed the factors of supportability and consistency with specific references to the record as required. Tr. 22, 25-26. He found them persuasive, but as explained above, is not required to find them controlling or assign special weight. The ALJ noted in formulating Plaintiff's RFC that Plaintiff has continued to work after the date he alleges he became disabled and that other medical sources found Plaintiff to be a malingerer who did not put full effort into his performance on objective tests. Tr. 18, 25. In his step-three analysis, the ALJ also contrasted the regulatory definition of "inability to perform fine and gross movements effectively" such as reaching, with Plaintiff's extensive daily activities such as laundry, housework, and retail shopping. Tr. 20-22. Plaintiff has not shown that the ALJ's RFC assessment, as it relates to his ability to reach, was in error. Nor has Plaintiff shown that he is unable to do the jobs identified by the VE as available to him. He has, therefore, failed to carry his burden at the second stage of step five to prove that he is disabled. *Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005) (per curiam). Plaintiff's enumeration of error lacks merit.

**CONCLUSION**

For the foregoing reasons, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 13th day of September, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE